ALFRED BAILEY'S ADM'R *v.* W. R. THOMPSON.

**Evidence—Account Books—Copies.**
> Account books duly authenticated may be introduced in evidence in a suit, but copies of such account books cannot be so introduced.

APPEAL FROM LEWIS CIRCUIT COURT.

January 5, 1875.

OPINION BY JUDGE LINDSAY:

Subsec. 5, Sec. 25, Chap. 37, of the Gen. Stat. authorizes a party litigating with a personal representative, with regard to transactions had with the decedent, to testify as to the correctness of the original entries, if made by himself, when the claim or defense is founded on a book account; and if he authenticates the account book and entries, they (the book and entries) may be admitted as evidence in the case. Upon the trial of this cause, it was not proved that appellee kept regular books. If he did keep such books, he did not offer them in evidence. His defense is founded upon an account, purporting to be a correct copy, taken from an account book between himself and decedent. The statute does not authorize the introduction of copies taken from an account book. The book itself, when properly authenticated, may go to the jury, but there is no authority for admitting copies made from the book.

An inspection of the book may be essential to enable the jury to determine as to whether the entries were made contemporaneously with the transaction of which they are evidence. The testimony of

the litigant is not conclusive of this question, and was not intended so to be by the legislature. Further than this, the litigant should be confined in his statements to the making of the original entries in the book. He has no right to state, as he did in this case, that the account is correct, independent of the book and the entries therein. It was error to permit the copy from the book to be read to the jury as evidence. The judgment is *reversed* and the cause remanded for a new trial upon principles consistent with this opinion.

*B. F. Bennett, for appellants.*
*George M. Thomas, for appellee.*